IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AHLISHA JONES<br>8471 Blue Lake Avenue<br>Galloway, Ohio, 43119<br><br>Plaintiff,<br><br>vs.<br><br>RWK SERVICES, INC.<br>c/o Agnes J Wachs, Statutory Agent<br>5807 E. Sprague Road<br>Independence, Ohio, 44131<br><br>-and-<br><br>RWK SERVICES METROPOLITAN, INC.<br>c/o William Wachs, Statutory Agent<br>6100 Oak Tree Boulevard, Suite 200<br>Independence, Ohio, 44131<br><br>-and-<br><br>WILLIAM WACHS<br>6100 Oak Tree Boulevard, Suite 200<br>Independence, Ohio, 44131<br><br>-and-<br><br>ADRIAN TRACY<br>4700 Rockside Road Suite 330<br>Independence, Ohio, 44131<br><br>-and-<br><br>RON MEYERS<br>4700 Rockside Road Suite 330<br>Independence, Ohio, 44131<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO:<br><br>JUDGE:<br><br><br><br><br>COMPLAINT FOR DAMAGES<br><br><u>(Jury Demand Endorsed)</u> |

The Employee's Attorney.™



Plaintiff Ahlisha Jones, by and through undersigned counsel, as her Complaint against Defendants, states and avers the following:

**PARTIES**

1. Jones is a resident of the city of Galloway, county of Franklin, state of Ohio.

2. RWK Services, Inc. is an Ohio corporation which maintains its principal place of business at 4700 Rockside Road, Suite 330, Independence, Ohio, 44131.

3. RWK Services Metropolitan, Inc. is an Ohio corporation which maintains its principal place of business at 4700 Rockside Road, Suite 330, Independence, Ohio, 44131.

4. RWK Services, Inc. and RWK Services Metropolitan, Inc. have a common business purpose, a unified operation, and common ownership, and form a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and form a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

5. RWK Services, Inc. and RWK Services Metropolitan, Inc. form a single employer for the purposes of the claims asserted by Jones herein, in that they have common offices, common management, common record keeping, common and shared equipment, shared bank accounts, centralized control of labor relations and personnel, and common ownership and financial control. RWK Services, Inc. and RWK Services Metropolitan, Inc are hereinafter referred to collectively as "RWK."

6. Wachs is, and, at all times hereinafter mentioned, was a supervisor, owner, or principal of RWK, who acted directly or indirectly in the interest of RWK.

7. At all times material to the Complaint, Wachs supervised and/or controlled Jones' employment with RWK.

8. At all times relevant herein, Wachs acted directly or indirectly in the interest of RWK in relation to its employees.



9. Tracy is, and, at all times hereinafter mentioned, was a Human Resources Manager who acted directly or indirectly in the interest of RWK.

10. At all times material to the Complaint, Tracy supervised and/or controlled Jones' employment with RWK.

11. At all times relevant herein, Tracy acted directly or indirectly in the interest of RWK in relation to its employees.

12. During all times material to this Complaint, Wachs and Tracy were an employers within the meaning of R.C. § 4112.01(A)(2) and section 3(d) of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. §§ 201, *et seq*. See *Mitchell v. Chapman*, 343 F.3d 811, 827-28 (6th Cir.2003).

13. Meyers is and was at all times hereinafter mentioned a manager and/or supervisor for RWK.

14. At all times referenced herein, Meyers acted directly or indirectly in the interest of RWK.

15. Meyers is and was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

## **JURISDICTION AND VENUE**

16. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Jones is alleging federal law claims. Specifically, Beardmore is bringing claims under the FLSA and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d). Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331.

17. This Court has supplemental jurisdiction over Jones' state law claims pursuant to 28 U.S.C. § 1367.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

19. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which RWK operates its business.



# FACTS

20. Jones is a former employee of RWK.

21. Jones was hired by RWK as an Operations Manager in or around June of 2012.

22. Throughout Jones' employment, she was paid an hourly rate of $13.00 per hour.

23. For a period of months during 2015, Jones was paid $16.50 per hour for taking on additional responsibilities.

24. Jones was a non-exempt employee under the FLSA.

25. Defendants required Jones to clock in and clock out while she was at job sites using an application on her cell phone.

26. Jones was not permitted to be clocked in while she was not at a job site.

27. Defendants would from time to time audit Jones' time recording activities by comparing them to GPS records to ensure Jones was only clocked in at job sites.

28. Defendants required Jones to perform work at home both before and after she reported to job sites.

29. Defendants specifically provided Jones with home office equipment, to include a computer and a printer, to enable her to perform work at home.

30. Jones performed significant amounts of work at home both immediately before and after she drove to job sites, to include, but not limited to payroll, scheduling, ordering supplies, and responding to emails and phone calls.

31. Jones' work day began and ended at home, where she performed integral and indispensable principal activities for the benefit of RWK.

32. Because the driving Jones did from home to work, between job sites, and from work to home was all in a days work, Jones' driving activity is compensable under the FLSA.

33. Defendants failed to pay Jones for all compensable time worked.

The Employee's Attorney.™ 

34. Jones regularly worked in excess of forty (40) hours per week.

35. Throughout Jones' employment, she was paid less than male Operation Managers who had comparable or lesser qualifications, skills, experience, and job duties than she did.

36. Jones was not given any benefits, such as health insurance, dental insurance, or other benefits, while male Operations Managers were provided with such benefits.

37. Upon information and belief, an Operations Manager named Ron Meyers was paid a salary of $48,000.00 per year and provided with a company vehicle and health benefits.

38. Upon information and belief, a male Operations Manager named Ron Ritner made significantly more than Jones and was provided with benefits such as health insurance.

39. Upon information and belief, a male Operations Manager named Tom Legiska was paid $50,000.00 a year and received benefits such as health insurance.

40. Upon information and belief, a male Operations Manager named Bruce Spragg was paid $50,000.00 a year and received benefits such as health insurance.

41. Upon information and belief, a male Operations Manager named Patrick Newman was paid substantially more than Jones and received benefits such as health insurance.

42. During Jones' employment, Defendants asked her to engage in unlawful time shaving for certain hourly employees and to alter time cards.

43. Specifically, on July 31, 2015, Tracy advised Jones via email that:

> As we did last pay period – if someone's time sheet is over what is allotted for their schedule, please take that time sheet back to the employee and explain that **they will not be paid for any extra time that was not approved by you**. You will then **mark out what is incorrect and have that employee initial what their adjusted time will be**.[1]

44. On November 12, 2015, Tracy advised Jones via email that:

---

[1] A true and accurate copy of the July 31, 2015 email is attached hereto as Exhibit A (**Emphasis** added).

5

The Employee's Attorney.™

> Our policy is that cleaners should not clock in/out more than 7 minutes before the start/end of their shifts. If you see them clocking more than the seven minutes (before the start or end) then the process below needs to be completed:
>
> 1. Take the time cards and review the additional time with the cleaners.
>
> 2. **Mark out the additional time, correcting it to the actual time allotted (example, if they are scheduled to work from 5:30pm to 9:30pm, but they clock from 5:30pm to 9:45pm…you will mark out 9:45pm and write in 9:30pm)**
>
> 3. Have the cleaners initial the correction(s)…**this is VERY IMPORTANT and must happen.**[2]

45. Jones regularly opposed and complained about Defendants illegal conduct with regards to employee time cards and their failure to pay her for all hours worked.

46. In or around March of 2016, Jones complained to Tracy and Meyers separately that she believed that RWK treated women less favorably than men.

47. Specifically, Jones complained to Tracy and Meyers that she thought it was unfair and illegal for RWK to pay her and other females less than similarly-situated males, and to provide males with benefits such as health insurance while denying those benefits to females.

48. Just weeks before her termination, Jones sent Meyers a text message in which she again complained about being paid less than similarly-situated men and not being paid for all hours worked.

49. Jones was terminated without warning on July 18, 2016.

50. Upon information and belief, Wachs, Tracy, and Myers participated in the decision to terminate Jones.

51. Tracy told Jones that she was being terminated because they had received complaints from RWK clients who had asked that Jones be removed from their accounts.

52. RWK maintains a progressive disciplinary policy.

53. Defendants violated their own progressive disciplinary policy when they terminated Jones.

---

[2] A true and accurate copy of the November 12, 2015 email is attached hereto as Exhibit B (**Emphasis** added).

The Employee's Attorney.™

54. Defendants' claim that Jones was being terminated because of client complaints was untrue.

55. Defendants' purported justification for terminating Jones is was pretext for unlawful retaliation because Jones had complained about RWK's unlawful wage and hour policies.

56. Defendants' purported justification for terminating Jones is was pretext for unlawful retaliation because Jones had complained about RWK's unlawful, discriminatory practices towards women.

57. Subsequent to her termination, Jones filed a claim for unemployment benefits.

58. RWK opposed Jones' application for unemployment benefits.

59. In opposing Jones' application for unemployment benefits, RWK provided the Ohio Department of Jobs and Family Services with a justification for terminating Jones that was inconsistent with its previous claim that RWK clients had complained about Jones.

60. Specifically, RWK told the Ohio Department of Jobs and Family Services that Jones had been fired for "stirring up resentment and/or dissatisfaction among other employees."

61. RWK was referring to Jones' complaints about wage and hour violations and discrimination when they told the Ohio Department of Jobs and Family Services that Jones had been fired for "stirring up resentment and/or dissatisfaction among other employees."

62. As a result of Defendants' unlawful conduct, Jones suffered and will continue to suffer damages.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (All Defendants Except Meyers)

63. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

64. During all times material to this complaint, Jones was not exempt from receiving overtime compensation.

65. During all times material to the complaint, RWK knew that Jones was regularly working more than forty (40) hours per week.



66. During all times material to this Complaint, RWK violated the FLSA with respect to Jones by, *inter alia*, failing to compensate her for all hours worked or for hours worked over forty (40) at time-and-one-half her regular rate of pay.

67. RWK knew that it was required to pay Jones for all hours worked – including those hours worked at home and driving time.

68. RWK knew that it was required to pay Jones overtime compensation at a rate of one and one-half her respective regular rate for hours worked in excess of forty (40) hours per workweek.

69. In violating the FLSA, RWK acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

70. As a direct and proximate cause of RWK's conduct, pursuant to 29 U.S.C. § 216(b), RWK is liable to Jones for the full amount of the required overtime wage rate for a three-year period dating back from the filing of the original Complaint, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

### COUNT II: VIOLATION OF THE OHIO WAGE ACT
### (All Defendants Except Meyers)

71. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

72. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek including payment of all earned overtime compensation. *See* O.R.C. §§ 4111.01, *et seq*.

73. During all times material to this Complaint, RWK was a covered employer required to comply with the Ohio Wage Act's mandates.

74. During all times material to this Complaint, Jones was a covered employee entitled to individual protection of Ohio Wage Act.

75. RWK violated the Ohio Wage Act with respect to Jones by, *inter alia*, failing to pay Jones for all hours worked or overtime compensation for any hours worked over forty (40) in a week.

The Employee's Attorney.™

76. As a direct and proximate cause of RWK's conduct, pursuant to R.C. 4111.10, RWK is liable to Jones for the full amount of the required overtime wage rate, as well as costs and reasonable attorney fees.

## COUNT III: DISCRIMINATION IN VIOLATION OF THE EQUAL PAY ACT
### (All Defendants Except Meyers)

77. Jones states each and every prior paragraph of this Complaint, as if it were fully restated herein.

78. RWK is an employer within the meaning of 29 U.S.C. § 203(d).

79. Jones was an employee within the meaning of 29 U.S.C. § 203(e).

80. RWK has discriminated against Jones in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 206(d), *et seq.,* as amended by the Equal Pay Act of 1963 ("EPA"), by providing her with lower pay than similarly-situated male colleagues even though Jones performed substantially similar duties requiring the same skill, effort and responsibilities of her male counterparts.

81. RWK so discriminated by subjecting Jones to discriminatory pay policies.

82. The differential in pay between Jones and male employees was not due to working conditions, job demands, weather conditions or job certifications

83. The wage differential between Jones and her male colleagues was due to Jones's Gender.

84. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a).

85. As a result of RWK's conduct, Jones has suffered and will continue to suffer harm, including but not limited to: lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

86. By reason of RWK's discrimination, Jones is entitled to all legal and equitable remedies available for violations of the EPA including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, cost and other compensation pursuant to 29 U.S.C. § 216(b).



87. RWK has performed the above acts alleged with malice, fraud, oppression, and/or reckless indifference to the protected rights of Jones. Jones is thus entitled to recover punitive damages in an amount according to proof.

## COUNT IV: EQUAL PAY DISCRIMINATION IN VIOLATION OF OHIO'S MINIMUM FAIR WAGE STANDARD ACT (MFWSA) O.R.C. § 4111.17(A)
### (All Defendants Except Meyers)

88. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

89. Throughout Jones's employment, RWK paid Jones less than similarly situated male employees.

90. RWK paid Jones less than male employees because of Jones's gender.

91. RWK paid Jones less than male employees who perform or have performed equal work on jobs that require equal skill, effort, and responsibility, under similar working conditions, because of gender.

92. RWK intentionally violated R.C. § 4117.17(A) by paying Jones at a lower rate than similarly situated and/or comparable male employees.

93. As a direct and proximate result of RWK's conduct, Jones suffered and will continue to suffer damages.

## COUNT V: GENDER DISCRIMINATION IN VIOLATION OF R.C. §§ 4112.02(A), 4112.99
### (All Defendants Except Meyers)

94. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. Defendants treated Jones differently than other similarly situated employees based on her gender.

96. Defendants discriminated against Jones on the basis of her gender throughout her employment with the company.

97. Defendants paid Jones less to perform the same work as her male counterparts because of her gender.



98. As a direct and proximate cause of Defendants' conduct, Jones has suffered and will continue to suffer damages.

### COUNT VI: UNLAWFUL RETALIATION BASED ON PROTECTED WAGE COMPLAINTS
### (All Defendants)

99. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

100. Throughout Jones's employment, she made complaints to Defendants regarding their failure to pay her overtime and regarding Defendants' unlawful Time Shaving Policies.

101. Following Jones's complaints and as a proximate cause of the complaints, Defendants retaliated against Jones by terminating her employment.

102. Pursuant to 29 U.S.C. § 215, no employer shall discharge or in any other manner discriminate against any employee because the employee has made any complaint to the employee's employer, or to the director, that the employee has not been paid wages in accordance with the overtime compensation provisions of 29 U.S.C. § 201 *et seq.*

103. Defendants' act of terminating Jones from his employment constituted a retaliatory discharge in violation of 29 U.S.C. § 215.

104. As a direct and proximate cause of Defendants' retaliatory conduct, Jones suffered and will continue to suffer damages.

### COUNT VII: RETALIATORY WRONGFUL TERMINATION IN VIOLATION OF OHIO REVISED CODE § 4112.02(I)
### (All Defendants)

105. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

106. Jones opposed gender discrimination at RWK.


107. Pursuant to Ohio Revised Code § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section. …"

108. As a result of Jones's opposing unlawful gender discrimination, Defendants terminated her employment.

109. Defendants acted with actual malice when they retaliated against Jones.

110. Defendants' conduct was in violation of R.C. § 4112.02(I).

111. As a direct and proximate cause of Defendants wrongful conduct, Jones has suffered and will continue to suffer damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ahlisha Jones request judgment against all Defendants and an Order:

(a) Issuing a permanent injunction:

    (i) Requiring RWK to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions; and



(vi) Prohibiting RWK from engaging in future violations of the EPA and the Ohio Wage Act

(b) Issue an order requiring RWK to restore Jones to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against Defendants of compensatory and monetary damages to compensate Jones for physical injury, physical sickness, lost wages, unpaid wages, liquidated damages, emotional distress, and other consequential damages, in an amount to be determined at trial;

(d) An Award against Defendants for unpaid wages as to be determined at trial together with any liquidated damages allowed byEPA;

(e) An award of punitive damages against Defendant in an amount to be determined at trial;

(f) An award of reasonable attorneys fees and non-taxable costs for Jones's claims as allowable under law;

(g) An award of the taxable costs of this action; and

(h) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Ahlisha Jones*

The Employee's Attorney.™

## JURY DEMAND

Plaintiff Ahlisha Jones demands a trial by jury by the maximum number of jurors permitted.

                                     *s/ Chris P. Wido*
                                     Chris P. Wido (0090441)
                                     **THE SPITZ LAW FIRM, LLC**

The Employee's Attorney.™